United States District Court
Southern District of Texas
**ENTERED**
November 18, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MELVIN OSMAR MONJE MEMBRENO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-978 |
| | § | |
| WARDEN, EL VALLE DETENTION CENTER, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

# <u>ORDER</u>

Petitioner Melvin Osmar Monje Membreno filed this habeas action while detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. He contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).

Petitioner alleges causes of action based on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment. Controlling decisions preclude these claims. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (addressing statutory claims); *Sosnava v. Vergara*, No. 26-50183, ___ F.4th ___, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (addressing procedural and substantive due process claims).

Petitioner also alleges a violation of his rights under the Fourth Amendment, stating that "Petitioner was seized as part of an appearance-based enforcement operation, not based on individualized suspicion" and that "the warrantless arrest of a compliant individual under these circumstances reflects a complete disregard for the statutory limits imposed by Congress and renders the seizure unreasonable under the Fourth Amendment." (Pet., Doc. 1, ¶¶ 20–25)

Under 8 U.S.C. § 1357(a)(2), a federal officer may effectuate a warrantless arrest "if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]" But for

purposes of a habeas action, "'an illegal arrest has no bearing on the legality of detention following that arrest.'" *Cruz v. Tate*, No. CV H-26-4819, 2026 WL 2160560 (S.D. Tex. July 27, 2026) (Lake, J.) (citing *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (Eskridge, J.)); cf. *Carnesolta, I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) ("The mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding[.]"); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (concerning the independent intermediary doctrine).

The Court finds that Petitioner is not entitled to the relief he seeks. Accordingly, it is:

**ORDERED** that Petitioner Melvin Osmar Monje Membreno's Verified Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief for an Order to Show Cause (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on November 18, 2026.

Fernando Rodriguez, Jr.
United States District Judge